UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM LAVIGNE,

        Plaintiff,

v.

        Case Number: 09-10146-BC
        Honorable Thomas L. Ludington

DOW CHEMICAL, INCORPORATED,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND DENYING DEFENDANT'S MOTION TO COMPEL RESPONSES

Plaintiff Kim Lavigne filed a complaint against Defendant Dow Chemical Company on January 13, 2009, alleging she was discriminated against because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2101–.2804.  Plaintiff also alleged violations of the Michigan Workers Disability Compensation Act, Mich. Comp. Laws §§ 418.101–.941.  Defendant answered the complaint on May 27, 2009, and the Court entered a scheduling order on June 23, 2009.  Pursuant to the scheduling order [Dkt. # 9], discovery was to be completed on or before January 15, 2010.

As the discovery deadline approached, both parties filed a series of motions and stipulations seeking various forms of relief, including extensions of the discovery dates [Dkt. # 12 & 15], extensions of the expert disclosure and deposition dates [Dkt. # 11 & 18], and motions to compel [Dkt. # 13 & 25].  Most of those motions and stipulations were granted, at least in part, in a series of orders issued by this Court and Magistrate Judge Charles E. Binder [Dkt. # 11, 18, 19, & 24].  Still pending are Plaintiff's December 29, 2009 motion to extend the discovery cutoff date by thirty-five days, from January 15, 2010 until February 19, 2010 [Dkt. # 15], and Defendant's January 19,

2010 motion to compel responses to Defendant's second set of requests for document production [Dkt. # 25]. Both motions will be **DENIED**.

In most civil cases filed in this Court, counsel complete discovery without the involvement of the Court. Indeed, the Federal Rules of Civil Procedure are specifically designed to permit the parties to meet, confer, and compromise when discovery disputes arise, rather than engage in expensive and time consuming motion practice. *See, e.g.*, Fed. R. Civ. P. 26(f)(2) (calling for the parties to meet and confer "in good faith" to develop a discovery plan); Fed. R. Civ. P. 37(a)(1) (requiring that a motion to compel discovery include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

The parties in this particular case have cooperated on many discovery matters, as demonstrated by Magistrate Judge Binder's statement that the parties "should be commended" for resolving most of the issues originally raised by Plaintiff's December 16, 2009 motion to compel. [Dkt. # 24]. Yet the parties were unable to agree to a resolution of the pending discovery motions, despite the obvious potential for compromise. Defendant's "emergency" motion to compel, which was filed after the discovery deadline, is inconsistent with Defendant's opposition to Plaintiff's motion to extend discovery. Defendant opposes Plaintiff's motion to extend discovery [Dkt. # 23], and at the same time implicitly seeks an extension of its own [Dkt. # 25]. Similarly, Plaintiff has opposed Defendant's motion to compel, at least in part, on the grounds that discovery has closed [Dkt. # 26], while at the same time asking for a discovery extension [Dkt. # 15]. Both parties are asking for more time and arguing the other party does not deserve it.

Plaintiff's December 29, 2009 motion to extend discovery by thirty-five days [Dkt. # 15] will be denied because good cause has not been demonstrated for an extension. As Defendant emphasizes, Plaintiff did not request depositions of Dow employees until mid-December, six months after the Court entered a scheduling order and discovery began. Plaintiff's motion to extend discovery seeks thirty-five extra days to conduct follow-up discovery related to the depositions. Plaintiff's concern with follow-up discovery could have been addressed by simply scheduling the depositions earlier.

Defendant's January 19, 2010 motion to compel responses to Defendant's second set of document requests [Dkt. # 25] will also be denied because it was not timely filed. Discovery closed January 15, 2010 [Dkt. # 9]. "This Court will not order discovery to take place subsequent to the discovery cutoff date."[1] *Id.* ¶ II.E.  Moreover, as Plaintiff emphasizes, the expert report that is the subject of the document request was delivered to Defendant in early October, but Defendant did not serve the document request until six weeks later, on December 4, 2009. At that point, little time remained to address potential deficiencies in the responses because of the thirty-day response period to document requests. Fed. R. Civ. P. 34(b)(2)(A).

Accordingly, it is **ORDERED** that Plaintiff's motion to extend discovery [Dkt. # 15] is **DENIED**.

---

[1] The Court has shown some flexibility on this rule in the past, but only where the original discovery request that is the subject of the motion to compel was timely and the motion itself is filed in advance of the discovery cutoff date. *See Rohde v. Dow Chem. Co.*, No. 08-14730-BC, [Dkt. # 40] (E.D. Mich. Nov. 19. 2009).

It is further **ORDERED** that Defendant's motion to compel responses [Dkt. # 25] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 5, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 5, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---